## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**REGINALD WILLIAMS (#364941)**                    **CIVIL ACTION NO.**

**VERSUS**                                                          **22-558-BAJ-EWD**

**JOHN DOE NETTLES, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 7, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**REGINALD WILLIAMS (#364941)**                    CIVIL ACTION NO.

**VERSUS**                                          22-558-BAJ-EWD

**JOHN DOE NETTLES, ET AL.**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Complaint of Reginald Williams ("Williams"), who is representing himself and who is currently confined at the Raymond Laborde Correctional Center in Cottonport, Louisiana.[1]  Pursuant to the screening required by 28 U.S.C. § 1915A, and the authority given the Court under 28 U.S.C. §1915(e), it is recommended that Williams' claims be dismissed with prejudice for failure to state a claim and that this Court decline to exercise supplemental jurisdiction over potential state law claims.

## I.    BACKGROUND

Williams filed this suit on April 28, 2022, against Defendants Warden John Doe Nettles, Major Mark Laprairie, Major John Doe Jack, and Colonel John Doe Simmon (collectively "Defendants")[2] alleging violations of his constitutional rights under 42 U.S.C. § 1983, including due process violations arising from the issuance of a false disciplinary report, which led to transfer to administrative segregation and a failure to protect.[3]  Williams seeks injunctive and monetary relief.[4]

---

[1] R. Doc. 1.  All named defendants are employees of the Louisiana State Penitentiary ("LSP") in Angola, Louisiana, and the incident occurred at LSP.  R. Doc. 1, pp. 4-5.

[2] The Complaint was not docketed and this action not opened until August 15, 2022.  However, based upon the prison mailbox rule, April 28, 2022 is the date for filing purposes.  *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995) (the prison mailbox rule generally applies to filings by inmates and uses the date the filing was submitted to prison authorities for filing as the filing date, rather than the date the document was ultimately filed with the court); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).

[3] R. Doc. 1.  Williams notes that all Defendants are employed at Louisiana State Penitentiary.

[4] R. Doc. 1, pp. 5-9.

## II.    LAW & ANALYSIS

### A.  Standard of Review

This Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[5]  The statutes are intended to give the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  The Court may dismiss any claim that does not pass screening, even before service of process or before any defendant has answered. Because Williams sues prison officials, his claim is subject to the screening process.

To determine whether a complaint fails to state a claim under the screening process, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[6]  This means that the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[7]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]  For a complaint to survive dismissal, it must contain enough factual information to raise a reasonable expectation that discovery will provide evidence of each element of the plaintiff's claim.[10]

---

[5] 28 U.S.C. §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP").  28 U.S.C. §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Williams was granted IFP status on August 26, 2022, so both statutes apply.  R. Doc. 3.  Williams did not pay the initial partial filing fee until approximately December 13, 2022.

[6] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[7] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.*

[10] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), citing *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009).

### B. Williams Cannot State a Claim for Issuance of a False Disciplinary Report

The law is clear that "there is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations."[11] Williams does not allege that the available state procedural remedy for him to challenge the disciplinary charge was inadequate. To the contrary, based upon Williams' allegations, he received a speedy appeal of the disciplinary charge, which was granted less than one month after the initial issuance of the disciplinary report.[12] Under these facts, there is no information that the available state procedures were inadequate. [13]

Even if Williams had alleged that available state remedies were inadequate, the issuance of one or more false disciplinary reports, even when the report results in punishment, cannot be the basis for a constitutional violation unless the resulting punishment has subjected an inmate to an unusual and significant deprivation (evaluated in the context of prison life).[14] A disciplinary sentence of a quarters change to segregated confinement/punitive working cell blocks, as occurred here, is not so unusual as to support a claim that Williams' procedural due process rights were violated, absent other factors.[15] For these reasons, Williams' Due Process claims arising from the alleged false disciplinary report should be dismissed for failure to state a claim upon which relief may be granted.[16]

---

[11] *Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994).

[12] R. Doc. 1, p. 8 (alleging that his appeal was granted on May 25, 2021 and the allegedly false report was expunged from Williams' record).

[13] *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (finding that a claim by an inmate that he was improperly charged in with a disciplinary violation, standing alone, does not state a due process violation if the disciplinary proceeding was otherwise fair and adequate to give the inmate the opportunity to clear himself of the alleged violation). Here, Collins alleges that the disciplinary proceedings resulted in him being cleared of the charges.

[14] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

[15] *Id.* Williams alleges that segregated confinement is dangerous, but because prison is, generally, a dangerous place, this does not amount to an unusual and significant deprivation. *See McLemore v. Greer*, No. 405CV138TSLAG, 2005 WL 2671370, at *1 (S.D. Miss. Oct. 18, 2005) (no atypical and significant hardship in relation to the ordinary incidents of prison life by being housed with dangerous offenders).

[16] Though ordinarily a *pro se* plaintiff should be afforded an opportunity to amend his or her complaint prior to dismissal, leave to amend is not necessary if amendment would be futile. Here, Williams should not be allowed leave to amend to attempt to state a claim because any amendment consistent with the facts alleged would be subject to dismissal. *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed. Appx. 625, 627 (5th Cir.

3

### C.  Williams has Not Stated a Claim for Failure to Protect

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other inmates.[17]  Although prison officials generally "have a duty ... to protect prisoners from violence at the hands of other inmates,"[18] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[19]

"Deliberate indifference" is the standard applied to a failure to protect claim. An official acts with deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[20]  A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[21]  In other words, to be liable for deliberate indifference, the prison official must want to cause the plaintiff harm or at least show a conscious or callous disregard to the plaintiff's right to be protected from such harm.[22]  The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[23]  Mere negligence or the "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[24]  Deliberate indifference requires a level of awareness of a specific risk based upon specific information.

---

2017) (though ordinarily a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

[17] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).

[18] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

[19] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).

[20] *Id.*

[21] *Id*.

[22] *Johnston*, 786 F.2d at 1259.

[23] *Farmer*, 511 U.S. at 837.

[24] *Id.* at 838.  *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), citing *Farmer*, 511 U.S. at 838.

General knowledge of general dangerousness or the like is not enough to support a failure to protect claim.[25]

   Williams' only allegation is that he was stabbed by another prisoner.[26] He does not provide any facts to indicate that any prison official should have been aware that the other prisoner posed a specific threat to Williams, such as who the other prisoner was, if that prisoner previously posed a threat to Williams, or whether that prisoner was on Williams' enemy list. Rather, he seems to blame the general dangerousness of the punitive working cell blocks for the attack.[27] Because general dangerousness, even of the attacking inmate, is insufficient to state a claim,[28] and where Williams has not alleged any facts show that any Defendant was aware of a specific risk of harm to him, his Eighth Amendment failure to protect claim is subject to dismissal.[29]

### D. Exercise of Supplemental Jurisdiction Should be Declined

   Finally, to the extent that Williams' allegations may be interpreted as a request for this Court to exercise supplemental jurisdiction over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it

---

[25] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019). *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007) (citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").

[26] R. Doc. 1, pp. 6-8.

[27] R. Doc. 1, p. 8 ("Defendants knew "P.W.C.B." at Louisiana State Penitentiary to be very violent housing unit … where several violent acts has [sic] taken place … including murder past 2 to 5 years.").

[28] *See Farmer*, 511 U.S. at 858-59 (Thomas, J., concurring) (recognizing that "[p]risons are necessarily-dangerous places," which "house society's most antisocial and violent people in close proximity with one another," thereby making it inevitable that "some level of brutality among prisoners" may occur). *See also Verrette v. Major*, No. 07-547, 2011 WL 3269319, at *2 (W.D. La. July 29, 2011) (dismissing an inmate's failure-to-protect claim upon a finding that, even if prison officials were aware of an inmate's history of violence, "[p]risons are dangerous places housing dangerous people," and "[i]t is unreasonable to believe persons overseeing the classification of inmates for work assignments and housing can prevent all potential prisoner-on-prisoner violence").

[29] Because Williams has not provided any facts to indicate that any prison official was aware of a specific risk of harm posed to Williams by the inmate who attacked him and rather relies on the general dangerousness of the punitive working cell blocks, he should not be allowed to amend his complaint because any amendment consistent with these facts would be futile. *See* n. 20, *above*.

had original jurisdiction, or for other compelling reasons.[30]  Having recommended dismissal of Williams' federal claims, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claims.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over potential state law claims and that Williams' federal claims be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. §§ 1915(e) and/or 1915A and that this case be **CLOSED**.[31]

## ORDER

Considering the recommendation, above, **IT IS ORDERED** that the "Status Check-Appointment of Counsel,"[32] filed by Plaintiff Reginald Williams, is **DENIED** without prejudice to reurging should the recommendation of dismissal not be adopted.

Signed in Baton Rouge, Louisiana, on March 7, 2023.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[30] 28 U.S.C. § 1367.

[31] Williams is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this Recommendation be adopted, the dismissal will count as a strike.

[32] R. Doc. 4. Williams alleges the facts of his Complaint are complex, requiring appointment of counsel; however, the facts underlying Williams' claims are clear, and counsel would not save Williams' claims from dismissal as a matter of law on the facts alleged.